# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. LEWIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DOT TRANSPORTATION, INC.,<br><br>　　　　Defendant. | Case No. 1:16-cv-01918-DAD-EPG<br><br>**ORDER GRANTING MOTION TO REOPEN DISCOVERY**<br><br>(ECF No. 27) |

## I. Background

On December 23, 2016, Plaintiff, Michael E. Lewis, filed this action against Defendant, DOT Transportation, Inc. (ECF No. 1.) Plaintiff did not serve the initial complaint on Defendant, but instead filed an Amended Complaint on June 16, 2017. In the Amended Complaint, Plaintiff brings claims for discrimination and failure to accommodate in violation of the Americans with Disabilities Act ("ADA"); retaliation in violation of the ADA; failure to accommodate in violation of the California Fair Employment and Housing Act ("CFEHA"), and retaliation in violation of CFEHA. (ECF No. 7.) On July 24, 2017, Defendant filed an answer to the Amended Complaint. (ECF No. 11.)

On September 6, 2017, the Court issued a Scheduling Order, setting the following deadlines:

- May 2, 2018: all non-expert discovery and initial expert witness disclosures;
- May 18, 2018, rebuttal expert witness disclosures;
- June 15, 2018, all expert discovery;
- August 1, 2018, dispositive motions.

(ECF No. 15 at 3-4.) The Court also scheduled a mid-discovery status conference for March 7, 2018, and required the parties to file a joint report one week prior to the status conference that outlined the status of the case, any additional discovery still planned, potential for settlement, and any other pending issues that would benefit from the Court's assistance or direction. (*Id.* at 4.)

On February 28, 2018, the parties filed their joint mid-discovery status report outlining the status of discovery. (ECF No. 19.) The parties explained that they had not yet completed non-expert discovery, had not yet engaged in settlement discussions, and that the case was not ripe for potential settlement. (*Id.* at 2.) At the March 7, 2018, mid-discovery status conference, the parties were directed to advise the Court, no later than March 30, 2018, on whether the parties were interested in participating in a court-directed settlement conference. (ECF No. 20.) Based on the communications received from the parties, the Court set a settlement conference for May 30, 2018. (ECF No. 21.)

Approximately a week before the date set for the settlement conference, and after the May 2, 2018, non-expert discovery deadline had passed, the Court was notified that there were discovery issues that needed to be addressed and that the settlement conference set for May 30, 2018, should be continued. (*See* ECF No. 22.) On May 24, 2018, the Court held a telephonic status conference in chambers and off the record to discuss the discovery issues. (*See* ECF No. 23.) Based on information received from the parties during that conference, the Court vacated the settlement conference and directed Plaintiff to file a motion to reopen discovery no later than June 6, 2018. (*See* ECF No. 24, 25.)

On June 6, 2018, Plaintiff's counsel hand delivered to the Court for filing his motion to reopen discovery (ECF No. 26). The hand-delivered filing was rejected as non-compliant because Plaintiff's counsel is required to file all pleadings electronically. *See* Local Rule 133

("Unless excused by the Court or by the electronic filing procedures set forth in these Rules, attorneys shall file all documents electronically pursuant to these Rules."). On June 7, 2018, Plaintiff re-filed his motion electronically. (ECF No. 27.) In his motion, Plaintiff requests that non-expert discovery be re-opened, and that the Court extend the time permitted for all discovery by at least one-hundred twenty-three (123) days, from May 2, 2018, to September 2, 2018. (*Id.* at 13.) Defendant opposes the motion. (ECF No. 28.)

**II.  Discussion**

The Court will modify dates set forth in a scheduling order, including a motion to reopen discovery, only upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); *Sheridan v. Reinke*, 611 Fed. Appx. 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery).

The "good cause" standard primarily considers the diligence of the moving party, and a court should modify the scheduling order to reopen discovery only if the deadline could not "reasonably be met despite the diligence of the party seeking" to reopen. *Johnson,* 975 F.2d at 609. In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997).

    A.    <u>Whether the Moving Party was Diligent in Obtaining Discovery within the Guidelines Provided by the Court</u>

Of the *Schumer* factors, the Court finds the diligence factor to be the most troubling and to present the closest question for the Court to resolve. According to Plaintiff, he has been diagnosed with a panic disorder. He contends that the disorder, combined with the adverse side effects of the medications that he has been taking to treat the disorder, has made it difficult for

him to provide counsel with information and generally assist his counsel in prosecuting this case. Those side effects include the inability to concentrate, to remember things, and brain fog, which has only recently begun to lift. (*See, e.g.*, ECF No. 27 at 4-5, 8-9, 11-13, 16, 20-22.)

Plaintiff served his first round of discovery requests on April 12, 2018. (ECF No. 28 at 3.) This was only twenty days before the non-expert discovery deadline of May 2, 2018. Plaintiff does not provide any explanation for his delay in serving written discovery. Defendant has not responded to the discovery requests, presumably because the requests were not served far enough in advance of the non-expert discovery deadline to give Defendant the full thirty-day response time. *See* Fed. R. Civ. P. 33(b)(2).

Plaintiff was deposed on April 20, 2018. Plaintiff indicates that during the deposition, he was still suffering from the lingering effects of brain fog and inability to concentrate. (ECF No. 27 at 8.) The deposition questions and exhibits triggered Plaintiff to remember additional details about his employment with Defendant that he had not previously shared with his counsel. These details include the information that Plaintiff had a job performance evaluation by Defendant's management team in 2011, and possibly also in other years. (*Id.* at 16.) The management team involved in those evaluations includes Don Worley and Torey Welsh, the two witnesses Plaintiff seeks to depose.

Although both Worley and Welsh were listed by Plaintiff in his initial disclosures as potential witnesses with knowledge, Plaintiff contends that it was not until his deposition that it became clear that these two individuals would have direct knowledge relevant to Plaintiff's case. Plaintiff concedes that Worley and Welsh could have been deposed at an earlier date, but that his counsel did not think the deposition of these witnesses was needed. Plaintiff also concedes that the cost of deposing these two witnesses, in light of his extremely limited financial resources, influenced the decision not to depose these witnesses earlier.[1] It was only after the additional information was disclosed during Plaintiff's deposition that counsel realized that the deposition testimony of these two witnesses is critical. (ECF Nos. 27 at 8-9, 29 at 3.)

---

[1] Plaintiff states that he was terminated by Defendant in September 2014 and only recently obtained a new position with a different employer.

On April 25, 2018, a few days after Plaintiff's deposition and approximately a week before the close of non-expert discovery, Plaintiff's counsel contacted Defendant's counsel and requested dates for Worley's deposition. Defendant refused to provide dates, noting that Plaintiff was past the "reasonable notice" period required for deposition notice. (ECF No. 28 at 3.)

On May 8, 2018, a few days after the non-expert discovery deadline, Plaintiff's counsel received notice of the availability of the transcript of Plaintiff's deposition.[2] On May 10, 2018, Plaintiff's counsel requested that Defendant stipulate to an extension of the discovery deadline, but Defendant refused. The next day, Plaintiff tendered to Defendant a proposed stipulation and order to extend discovery, which Defendant rejected on May 14, 2018. (*See* ECF No. 27 at 15.) The parties then contacted the Court regarding this dispute.

The Court does not find any diligence in Plaintiff serving written discovery. Plaintiff waited until the end of non-expert discovery, without sufficient time remaining for Defendant to respond, before serving any written discovery. Plaintiff does not provide any reason for this delay. The Court finds that Plaintiff was not diligent in seeking this discovery and does not provide good cause to extend the discovery deadline for the purpose of obtaining responses to written discovery.

As to the depositions, while the Court is troubled by the delay, the Court finds that there were extenuating circumstances here, including Plaintiff's difficulty assisting his counsel in prosecuting this case, and his difficulty remembering information that would be helpful to his case. The lack of this information led Plaintiff's counsel to the conclusion that it was not critical to depose Worley and Welsh. Plaintiff's long period of unemployment and limited resources to expend on the costs of discovery were also factors that played into his counsel's hesitancy to engage in extensive discovery, including the depositions of these witnesses. The Court is persuaded that these combined circumstances somewhat mitigate and explain Plaintiff's counsel's delay regarding taking the depositions of Don Worley and Torey Welsh.

\\\

---

[2] Plaintiff states that he did not receive the email version of Plaintiff's deposition transcript until the very end of May/beginning of June, and as of the date he filed his motion to reopen discovery, he is still awaiting a hard copy and a copy of the exhibits used at the deposition. (ECF No. 27 at 8-9.)

B. The Likelihood that the Discovery will Lead to Relevant Evidence

Plaintiff contends, and Defendant does not dispute, that the requested depositions will likely lead to relevant evidence. The two witnesses that Plaintiff seeks to depose appear to have information regarding whether Plaintiff was unlawfully discriminated against and whether he was wrongfully discharged. Plaintiff contends that, without the deposition testimony of the two witnesses, it is doubtful that the parties can have meaningful settlement discussions. Presumably, the lack of these depositions (and lack of responses to written discovery served on Defendant) will also negatively impact Plaintiff's ability to defend against dispositive motions and to proceed with trial. The Court finds this factor to weigh in favor of reopening discovery as to the depositions.

Plaintiff does not address the need for the written discovery, however. While written discovery no doubt will lead to relevant information, it is not clear what information is needed beyond what has already been disclosed through initial disclosures or already in the possession of the Plaintiff. The Court finds that Plaintiff has not established that written discovery is needed to obtain relevant evidence in this case.

C. Prejudice to Defendant

Defendant contends that it will be prejudiced because immediately after the discovery cut-off occurred, Defendant's counsel began drafting a dispositive motion. (ECF No. 28 at 6.) However, Plaintiff served Defendant with written discovery requests and requested a deposition date for Worley several weeks before the non-expert discovery deadline. Shortly after that deadline, Plaintiff again reached out and requested Defendant agree to an extension of the discovery deadlines. Thus, Defendant was on notice prior to the non-expert discovery deadline that Plaintiff was seeking additional discovery. Defendant also was on notice a week after the deadline that Plaintiff wanted an extension of the deadline. Any prejudice to Defendant under these circumstances is minimal. If the Court grants an extension for depositions, the prejudice to Defendant will be minimal as well.

D. Additional Factors

Trial in this case is set to begin on January 19, 2019, and is thus not imminent, which

weighs in favor of granting the request to reopen discovery. On the other hand, Defendant's opposition to the reopening of discovery weighs against reopening.

Another factor that has some impact in the Court's decision is that Plaintiff's counsel has not previously requested an extension of deadlines, and that Plaintiff had agreed to an extension of time for Defendant to file its answer to the Amended Complaint. This factor weighs slightly in favor of reopening.

Although the question of whether to reopen discovery in this case is a close call, after weighing the relevant factors, the Court finds good cause exists to reopen discovery for a limited time and for limited purposes to take the two depositions identified by Plaintiff. However, the Court will not extend the deadline for written discovery. The Court finds that there was no cause for Plaintiff's delay in serving discovery and Plaintiff's motion contains very little argument about the necessity of such discovery. The Court will therefore exercise its discretion and grant the motion to reopen and extend discovery deadlines, subject to the limits set forth herein.

### III. CONCLUSION

The Court finds, after a thorough review of the record and arguments of the parties, and a weighing of relevant factors, that good cause exists for reopening discovery and granting an extension of the discovery deadlines for a limited purpose described below. Accordingly,

The Court GRANTS the motion to reopen and extends the discovery deadlines as follows:

1. The non-expert discovery deadline is extended to August 10, 2018, for the limited purpose of allowing Plaintiff to depose witnesses Worley and Welsh.
2. The initial expert witness disclosures deadline is extended to August 10, 2018.
3. The rebuttal expert witness disclosures deadline is extended to August 24, 2018.
4. The expert discovery deadline is extended to September 21, 2018.
5. The dispositive motion deadline is extended to October 19, 2018.

The Parties are directed to inform the Court, no later than August 10, 2018, whether they want the Court to reset the settlement conference.

IT IS SO ORDERED.

1  Dated: **June 27, 2018**           /s/ Eric P. Grosjean
2                                     UNITED STATES MAGISTRATE JUDGE